IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | Bankruptcy Case No. 17-04156 (ESL) |
| **BETTEROADS ASPHALT, LLC,** | |
| *Debtor***,** | |
| **IN RE:** | Bankruptcy Case No. 17-04157 (ESL) |
| **BETTER RECYCLING CORPORATION,** | |
| *Debtor,* | |
| **PUERTO RICO ASPHALT, LLC,** | Civil No. 19-2020 (DRD) |
| *Appellant,* | 19-2023 (DRD) |
| v. | Consolidated Cases |
| **BANCO POPULAR DE PUERTO RICO, ET AL.,** | |
| *Appellees.* | |

**OPINION AND ORDER**

Pending before the Court is appellees' First Bank Puerto Rico (hereinafter, "Firstbank"), Banco Santander de Puerto Rico (hereinafter, "Banco Santander"), the Economic Development Bank for Puerto Rico (hereinafter, "EDB"), and Banco Popular de Puerto Rico (hereinafter, "Banco Popular" or the "Administrative Agent, and collectively with Firstbank, Banco Santander, and EDB, the "Appellees" or "Lenders") *Motion to Dismiss* for lack of subject matter jurisdiction, as to Puerto Rico Asphalt, LLC's appeal from several orders issued related to Bankruptcy Petitions (Cases Nos. #17-04156 and 17-04157) before U.S. Bankruptcy Judge Enrique S. Lamoutte. *See*

Docket No. 12. Puerto Rico Asphalt, LLC filed its respective *Opposition* thereto. *See* Docket No. 25. A *Reply* from the Lenders was filed shortly thereafter. *See* Docket No. 36.

For the reasons articulated below, the Court **GRANTS** the Lenders' *Motion to Dismiss. See* Docket No. 12.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Involuntary Petitions*

On June 9, 2017, the petitioner creditors including the appearing Lenders, commenced two (2) involuntary bankruptcy petitions pursuant to title 11 of the United States Code, also known as the "Bankruptcy Code", against Betteroads Asphalt, LLC, Case No. 17-04156-ESL (hereinafter, the "Betteroads Case") and Betterecycling Corporation, Case No. 17-04157-ESL (hereinafter, the "Betterecycling Case")(collectively, the "Debtors"). *See* Docket No. 1 in related bankruptcy cases 17-04156 (ESL) and 17-04157 (ESL). An *Emergency Motion Requesting the Entry of an Order Appointing an Interim Chapter 11 Trustee or, in the Alternative, Appointing an Examiner, and for Related Relief* was subsequently filed. *See* Docket No. 14 in the Betteroads Case and Docket No. 8 in the Betterecycling Case. Therein, the Lenders asserted as one of the main bases for the appointment of a trustee, "that the Debtors had engaged in a fraudulent scheme to transfer a substantial amount of their assets to Puerto Rico Asphalt, LLC (hereinafter, "PRA"), prior to the Petition Date." *Id.*

The Debtors timely contested the Involuntary Petitions, as provided by Rule 1011(a) of Bankruptcy Procedure. *See* **A's App. Part 1**, Docket No. 3-2 at 152-174. By August 24, 2018, PRA made an appearance in the Betteroads Case to request notices of the proceedings. Although there were no adversary proceedings against PRA, the entity appeared as a "party in interest i.e.,

defendant to a related adversary." *See* **A's App. Part 4**, Docket No. 3-10 at 138-139. According to

PRA, the Lenders failed to "serve PRA with either the involuntary petition on [the] date [of filing]

and afterwards have not done so to this date" while also failing to "serve PRA with the Motion

to Appoint Trustee on [the] date [of filing] and afterwards have not done so to this date." Docket

No. 25 at ¶¶ 7, 9. However, the Court notes that PRA is not a debtor of the bankruptcy

proceedings, thus, service was not warranted. In spite of that, once PRA was allowed to appear

as a "party in interest" in the bankruptcy proceedings, it was given access to the Bankruptcy Case

Docket Report, wherein all documents that had been filed to that day and thereafter, were

available for PRA's review.

In turn, upon considering the motion for summary judgment filed by the Debtors

essentially requesting an order for relief, the Bankruptcy Court entered an *Opinion and Order*

(**A's App. Part 4**, Docket No. 3-10 at 140-206) making the following findings:

> "(1) The Petitioning Creditors have satisfied the three-prong requirement for filing
> an involuntary petition.
>
> (2) Bad faith is an independent cause for dismissal of an involuntary petition under
> section 303(b).
>
> (3) The Debtors have failed to show that dismissal pursuant to section 305(a)(1)
> abstention is in the best interest of both the creditors and the debtor.
>
> An evidentiary hearing will be scheduled to consider whether or not the
> involuntary petitions were filed in bad faith, that is, for an improper purpose that
> constitutes an abuse of the bankruptcy process."

Docket No. 1, Exhibit 2 at 66-67. PRA did not seek reconsideration related to the *Opinion and*

*Order*. Accordingly, on January 3, 2019 an *Order and Notice* was entered wherein an *Evidentiary*

*Hearing* was rescheduled in order to address the following motions: (1) Betteroads' *Motion to*

*Dismiss the Involuntary Bankruptcy Petition* (**A's App. Part 1-1**, Docket No. 3-2 at 152-174); (2)

Betterecycling's *Motion to Dismiss the Involuntary Petition* (Docket No. 27 in Betterecycling Case); and (3) *Opposition to the Motion to Dismiss filed by the Lenders* (**A's App. Part 1-1**, Docket No. 3-2 at 256-275). *See* Docket No. 1, Exhibit 3. The evidentiary hearing was essentially scheduled to "consider whether or not the involuntary petitions were filed in bad faith, that is, for an improper purpose that constitutes an abuse of the bankruptcy process." *See* Docket No. 12 at 4.

As part of the discovery related to the *Evidentiary Hearing*, the parties agreed on a joint discovery schedule as amended in several occasions. All schedules were filed before the Bankruptcy Court and PRA was put on notice. Yet, PRA did not oppose to any of the joint discovery schedules.

The Lenders also sought discovery from PRA. As a result thereof, on March 25, 2019, PRA objected to the sought discovery as to PRA as a non-party as to the contested matters, essentially alleging that,

> [i]n this case, all seven factors establishing "undue burden" are met because "(1) the information requested from PRA is not relevant to the bankruptcy cases, much less the contested matter of the Lender's bad faith in filing the involuntary petitions (if it is being requested for the May 23, 2019 evidentiary hearing); (2) the Lenders do not need PRA to obtain the requested documents, which they can easily obtain from a party – the Alleged Debtors; (3) the breadth of the document request is very broad – basically requesting everything under the sun and not limited to documents related to the Alleged Debtors or the involuntary bankruptcies – much less limited to the Lender's bad faith (if it is being requested for the May 23, 2019 evidentiary hearing); (4) the time period covered by the request is also way too broad – four years to more than three years at the very least; (5) the particularity with which the party describes the requested documents is vague and, that makes the request overly broad; (6) the burden imposed on PRA is unreasonable; and (7) the expense and inconvenience to the PRA, a non-party, is not justified, by any means.

**A's App. Part 4**, Docket No. 3-10 at 213-227.

Prior to the *Evidentiary Hearing*, the Lenders filed a Pretrial Report. *See* **A's App. Part 7**, Docket No. 3-15 at 1-109. Likewise, Debtors filed their Pretrial Report. *See* **A's App. Part 8**, Docket No. 3-24 at 1-74. Both Pretrial Reports were based on evidence that was obtained during discovery. As PRA alleges to be entitled to all discovery while also alleging to not have been notified of said process, on June 25, 2019, PRA filed an *Urgent Motion to Suppress Discovery or for Alternative Relief* wherein the following remedies were requested: "that certain discovery in the instant case be quashed, suppressed, and not allowed to be presented in the evidentiary hearing" and that the discovery between Debtors and Creditors be reopened so that PRA can "examine and cross-examine witnesses, conduct its own discovery and defend itself from the accusations included in the Pre Trial Reports, prior to facing its consequences." *See* **A's App. Part 8**, Docket No. 3-24 at 214, 220 and 234.

Thereinafter, during the *Evidentiary Hearing*, which lasted several days, the Bankruptcy Court questioned PRA's standing and timing in requesting intervention in the involuntary petitions, and upon listening to the parties' arguments, ruled that PRA lacks standing[1] to strike or suppress evidence and as to other remedies in the discovery motion.[2] Moreover, oral arguments were heard against the applicability of Bankruptcy Rule of Procedure 1018 to the bankruptcy proceedings.

The Hearing continued and at the conclusion of the Debtors' case in chief, the Lenders submitted a request for judgment on partial findings pursuant to Bankruptcy Rule of Procedure

---

[1] "Additionally, the court rules that PRA has no standing at this, juncture on the pending contested matter." *See Minute Entry, Evidentiary Hearing, June 27, 2019*, **A's App. Part 8**, Docket No. 3-24 at 632.
[2] "The court states that to the extent in which PR Asphalt's requests the court to reconsider its orders regarding discovery, the request is denied for the reasons stated before regarding the applicability of Rule 26 to contested matters and additionally, at this juncture, for reasons of standing." *Id.* at 631.

7052(c)[3] "since the Debtors had been fully heard and had failed to meet their burden on the sole issue regarding the Bad Faith Contested Matter." *Transcript of Evidentiary Hearing, July 18, 2019*, Docket No. 629 in Betteroads Case and Docket No. 356 in Betterecycling Case.[4]

### B. The Discovery Order on Appeal

The Court begins by noting that prior to filing the instant appeals, PRA filed premature notices of appeal from the Bankruptcy Court's interlocutory Discovery Order before the United States District Court for the District of Puerto Rico, in the cases titled *Puerto Rico Asphalt, LLC v. Betteroads Asphalt, LLC,* Civil No. 19-01661 (ADC) (hereinafter, "Betteroads First Appeal) and in the case titled *Puerto Rico Asphalt, LLC v. Betterecycling Corporation,* Civil No. 19-01662 (ADC) (hereinafter, "Betterecycling First Appeal"). *See* Docket No. 1 in Betteroads and Betterecycling First Appeals.

An *Urgent Motion for Stay Pending Appeal* was filed soon thereafter before the Bankruptcy Court. *See* Docket No. 446 in Betteroads Case and Docket No. 307 in Betterecycling Case.[5] The Bankruptcy Court entered an *Opinion and Order* affirming its prior bench ruling as to PRA's lack of standing to request the striking, suppressing and/or reopening of the discovery in the bankruptcy case as follows,

> "[t]he mandatory joinder requirements in Fed. R. Civ. P. 19, made applicable to adversary proceedings by Fed. R. Bankr. P. 7019, do not apply to contested matters such as the ones present before the court pursuant to Fed. R. Bankr. P.

---

[3] Federal Rule of Bankruptcy Procedure 7052 provides that "Rule 52 F. R. Civ. P. 7 applies in adversary proceedings .... (c) If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence."

[4] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

[5] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

1018. Therefore, this court affirms its prior ruling that PRA lacks standing to request the striking, suppressing and/or reopening of the discovery in this case. See Fisher Island Invs., Inc. v. Solby + Wesbrae Partners, 778 F.3d 1172 (11th Cir. 2015)."

Docket No. 454 at 13 in Betteroads Case and Docket No. 314 at 12 in Betterecycling Case.[6] As to the stay pending appeal, the Bankruptcy Court denied the request while stating that,

"PRA has failed to satisfy the first prong of the stay pending appeal requirements which is likelihood to succeed on the merits. The court further finds that PRA's request at this juncture to suppress the expert report and testimony is premature. Moreover, this court notes that it is well recognized that bankruptcy court discovery orders are interlocutory and not final appealable orders. See In re International Horizons, Inc. 689 F. 2d 996, 1000-1001 (11th Cir. 1982)("As a general proposition most orders granting or denying discovery are not final orders… and therefore are not immediately appealable"); Countrywide Home Loans Inc. v. Office of the United States Trustee (In re Del Castillo), 2008 U.S. Dist. Lexis 61190, *17-18 (S.D. Fla. 2008).

Id. As to the second prong of the stay pending appeal, the Bankruptcy Court found it had not been met as, "PRA's arguments as to the alleged irreparable harm it will suffer were made in an abstract fashion, without alleging any particular irreparable harm or the manner in which PRA's interests will be affected. The court concludes that PRA has failed to satisfy the first two (2) prongs of the test regarding the motion for stay pending appeal of this court's bench ruling; thus, it need not go any further with its analysis." Id. at 14.

### C.  Bad Faith Contested Matter

On October 11, 2019, the Bankruptcy Court entered an Opinion and Order granting the Rule 7052 Motion finding that,

"[a]fter a careful review of the evidence presented by the involuntary debtors, the court finds that the same does not establish that the petitions were filed for an improper bankruptcy purpose. Seeking that other creditors join in filing an

---

[6] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

involuntary petition in order to pursue debt collection in the bankruptcy court is not an improper bankruptcy purpose. In re Basil Street Partners, LLC, 447 B.R. 853. The evidence presented showed that the involuntary debtors had defaulted on their loan payments and, that the lenders had engaged in active collection actions. The discussions by and between the lenders, including the syndicate lenders, and the advice provided by their legal counsel show that the decision to file the involuntary petitions was more in the nature of a studied business decision that an action to harass or merely seek an alternate collection forum."

**A's App. Part 9-1**, Docket No. 3-25 at 1-10. Accordingly, on that same day, the Bankruptcy Court entered orders for relief in both cases "under chapter 11 of the Bankruptcy Code (title 11 of the United States Code) . . ." **A's App. Part 10**, Docket No. 3-28 at 134.

As a result thereof, PRA filed the instant notices of appeal before the United States District Court for the District of Puerto Rico, to wit, *Puerto Rico Asphalt, LLC, v. Banco Popular de Puerto Rico, et al*, Civil No. 19-2020 (DRD), and *Puerto Rico Asphalt, LLC v. Betterecycling Corporation*, Civil No. 19-2023 (DRD), appealing both final Orders for Relief and several interlocutory orders. For the reader's benefit, the rulings and orders subject of the appeal in the Betteroads Case are the following:

a) The Opinion and Order of November 30, 2018 ruling that the petitioners complied with the numerical requirement of having at least three (3) petitioning creditors required by Section § 303(b)(1) [**A's App. Part 4**, Docket No. 3-10 at 140-206];

b) The Order and Notice to Consider, scheduling an evidentiary hearing to consider the Debtors' Motions to Dismiss and the oppositions thereto [**A's App. Part 4**, Docket No. 3-10 at 207-208];

c) The Order denying extension of discovery schedule and convert evidentiary hearing into status hearing or hearing to address remaining discovery disputes and only allowing limited factual discovery parallel to trial [**A's App. Part 8**, Docket No. 3-24 at 208];

d) The Order denying Reconsideration to extend discovery schedule and convert evidentiary hearing into status hearing or hearing to address remaining discovery disputes [**A's App. Part 8**, Docket No. 3-24 at 299-300];

e) The bench ruling proffered in open court by the United States Bankruptcy Judge Enrique S. Lamoutte at the June 27, 2019 evidentiary hearing, where the court rendered a determination that PRA had no standing to request the striking, suppressing and/or reopening of the discovery in this case [**A's App. Part 8**, Docket No. 3-24 at 303];

f) The Opinion and Order entered on July 12, 2019, denying PRA's request for stay pending appeal [Dkt. 454][7];

g) The Bench Order concluding that Motion for protective Order limiting the scope of discovery filed by the petitioning creditors was mooted by Court's Order at November 30, 2018 [**A's App. Part 8**, Docket No. 3-24 at 626-642];

h) The Opinion and Order entered on October 10, 2019 denying the alleged debtors' motion to dismiss and concluding that the involuntary petitions were not filed in bad faith [**A's App. Part 9-1**, Docket No. 3-25 at 1-10];

i) The two Orders for Relief [**A's App. Part 10**, Docket No. 3-28 at 134-135]; and

j) The Order scheduling meeting of creditors pursuant Section § 341 of the Bankruptcy Code [**A's App. Part 10**, Docket No. 3-28 at 136-137].

*See* Docket No. 1 in Betteroads Case. In turn, the rulings and orders subject of the appeal in the

Betterecycling Case are the following:

a) The Opinion and Order of November 30, 2018 ruling that the petitioners complied with the numerical requirements of having at least three (3) petitioning creditors required by Section § 303(b)(1) [Consolidated Case No. 19-2023 (DRD), Docket No. 1-2];

b) The Order and Notice to Consider, scheduling an evidentiary hearing to consider the Debtors' Motions to Dismiss and the oppositions thereto [*Id.,* Docket No. 1-3];

c) The Order denying extension of discovery schedule and convert evidentiary hearing into status hearing or hearing to address remaining discovery disputes and only allowing limited factual discovery parallel to trial [*Id.,* Docket No. 1-4];

---

[7] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

d) The Order denying Reconsideration to extend discovery schedule and convert evidentiary hearing into status hearing or hearing to address remaining discovery disputes [*Id.,* Docket No. 1-5];

e) The bench ruling proffered in open court by the United States Bankruptcy Judge Enrique S. Lamoutte, at the June 27, 2019 evidentiary hearing, where the court rendered a determination that PRA had no standing to request the striking, suppressing and/or reopening of the discovery in this case [*Id.,* Docket No. 1-6];

f) The Opinion and Order entered on July 12, 2019, denying PRA's request for stay pending appeal [*Id.,* Docket No. 1-7];

g) The Opinion and Order entered on October 10, 2019 denying the alleged debtors' motion to dismiss and concluding that the involuntary petitions were not filed in bad faith [*Id.* Docket No. 1-8, 1-9, 1-10 and 1-11];

h) The Order for Relief [*Id.,* Docket No. 1-12]; and

i) The Order scheduling meeting of creditors pursuant Section § 341 of the Bankruptcy Code [*Id.,* Docket No. 1-13.

### D. Dismissal Opinion and Order in Civil Cases 19-1661 (ADC) and 19-1662 (ADC)

Prior to delving into the outstanding controversies, the Court takes judicial notice of the existence of related appeals captioned, *Puerto Rico Asphalt, LLC v. Betteroads Asphalt, LLC*, Civil No. 19-1661 (ADC) and *Puerto Rico Asphalt, LLC v. Betterecycling Corporation,* Civil No. 19-1662 (ADC) as well as the May 29, 2020 *Opinion and Order* dismissing both appeals as,

" . . . there is no question that the Bankruptcy Court's decision to deny PRA's motion to suppress on standing grounds was an interlocutory step in the ongoing contested matter, which eventually led to a finding that lenders did not file the involuntary petitions in bad faith and ultimately denying debtors' motions to dismiss. PRA has not established that it is a "person aggrieved" for standing purposes, and even if PRA had standing as an aggrieved party, appellate jurisdiction over the Bankruptcy Court's interlocutory discovery order is not warranted under either the collateral order doctrine or §158. As such, jurisdiction is lacking here, and dismissal is proper."

Docket No. 60 in Related Civil Case *Puerto Rico Asphalt, LLC v. Betteroads Asphalt*, Civil No. 19-1661 (ADC). The Court further notes that PRA failed to disclose the *Opinion* that was entered by fellow United States District Judge, Hon. Aida Delgado Colón as to matters that are intrinsically related to the controversies that will be addressed herein.

On June 15, 2020, the Lenders filed a *Motion to Affirm Judgment or Dismiss Appeal Pursuant to Fed. R. Bankr. P. 8018* wherein, among other matters, the Court was notified for the first time as to the determination of Hon. Aida Delgado Colón in the related cases. *See* Docket No. 34. As the instant *Opinion and Order* addresses all pending arguments, including the dismissal of fellow appeals 19-1661 (DRD) and 19-1662 (DRD), said motion is now **MOOT**.

## II.     APPLICABLE LAW

### A.     *Appellate Standing*

"Because federal courts are powerless to act in the absence of subject matter jurisdiction, we have an unflagging obligation to notice jurisdictional defects." *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (citing *Espinal-Domínguez v. Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003)). In bankruptcy appeals, the standing requirement "is more restrictive than the 'case or controversy' standing requirement of Article III, which 'need not be financial and need only be 'fairly traceable' to the alleged illegal action.'" *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 540 (D.D.C. 2008) (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3rd Cir. 1995)). As to this issue, the First Circuit has held that "only a 'person aggrieved' by a bankruptcy court order has standing to appeal, and that 'person aggrieved' is one whose pecuniary interests are 'directly and adversely' affected by an order of the bankruptcy court." *Cousins Int'l Food Corp. v. Vidal*, 565 B.R. 450, 458 (1st Cir. B.A.P. 2017) (quoting *Spenlinhauer v.*

*O'Donnell*, 261 F.3d 113, 117-18 (1st Cir. 2001)). As in other jurisdictional contexts, the burden of establishing standing to appeal is upon the party asserting appellate jurisdiction. *Id.*

**B.**    ***Appellate Jurisdiction***

The District courts' jurisdiction includes hearing appeal from "final judgments, orders and decrees" and "with leave of court, from other interlocutory orders and decrees" issued by bankruptcy judges. 28 U.S.C. §§ 158(a)(1), (a)(3). When appealing from an interlocutory order, a notice of appeal and a motion for leave to appeal must be filed by the Appellants. Fed. R. Bankr. P. 8004(a). However, in cases where appellant files a timely notice of appeal without leave, a district court may "treat the notice of appeal as a motion for leave." Fed. R. Bankr. P. 8004(d).

**C.**    ***Appellate Review***

When reviewing the decisions of a Bankruptcy Court, the Bankruptcy Court's factual findings are reviewed by the District Court under a clear error standard, and its conclusions of law under a *de novo* standard. *Aponte-Betancourt v. Empresas Omajede, Inc. (In re Empresas Omajede, Inc.)*, 283 B.R. 636, 638 (2002) (citing *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991); *In re López*, 138 B.R. 348, 349 (D.P.R. 1992)). "Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand." *In re Salem Suede, Inc.*, 268 F.3d 42, 44 (1st Cir. 2001); *Pawtucket Credit Union v. Haase (In re Haase)*, 306 B.R. 415, 418 (1st Cir. B.A.P 2004).[8]

---

[8] A factual finding is "clearly erroneous" only when the appellate court is left "with the definite and firm conviction that a mistake has been committed." *In re Salem Suede, Inc.*, 268 F.3d 42, 44 (1st Cir. 2001) (citing *In re The Bible Speaks*, 869 F.2d 628, 630 (1st Cir. 1989) (quoting *Anderson v. Bessemer City*, 470 U.S. 564 (1985)). Meanwhile, an abuse of discretion can occur when the bankruptcy court ignores "a material factor that deserves significant weight, relying on an improper factor, or even if it mulls only the proper mix of factors, by making a serious mistake in judgment." *Pawtucket Credit Union v. Haase (In re Haase)*, 306 B.R. 415, 418 (1st Cir. B.A.P 2004) (citing *Siedle v. Putnam Invs., Inc.* 147 F.3d 7, 10 (1st Cir. 1998)).

### III.    LEGAL ANALYSIS

The Lenders argue that the Court lacks jurisdiction to entertain the instant appeal "because the PRA cannot satisfy the 'person aggrieved' standard necessary to give standing upon a party to appeal a bankruptcy court order." Docket No. 12 at 8. Likewise, according to the Lenders, "[t]he Bankruptcy Code and Rules regarding involuntary petitions, do not allow third parties, such as PRA, requisite standing to contest an involuntary petition." *Id.* at 11. It is finally argued by the Lenders that "PRA has no standing to contest the involuntary petition in the first place because an Order for Relief could be entered against the Debtors only." *Id.* at 12. More importantly, Lenders argue that PRA is not the Debtor and only a debtor may contest an Involuntary Petition.

In opposition, PRA submits several arguments in support of its contention that there is standing to hear the instant appeal. Among others, that because the Lenders have allegedly accused PRA of participating in a fraudulent scheme to transfer a substantial amount of their assets to PRA prior to the Petition Date, "PRA is an aggrieved party whose rights and interests are directly and adversely affected pecuniarily by the bench order of the Bankruptcy Court." Docket No. 25 at 17. Moreover, PRA alleges that "[it] is a party who was not allowed to participate in the discovery proceedings or evidentiary hearing where PRA's assets and interests were being questioned and adjudicated as if they belonged to the Debtors . . . Therefore, without allowing PRA to defend itself of the Lenders accusations, the Bankruptcy Court could not make any determinations as to the Lender's allegations of allegedly fraudulent transfers." *Id.* at 19. Finally, according to PRA,

> [i]t is PRA's position that discovery was obtained by unreasonable and vexatious means, and conducted in bad faith, while failing to abide by the standard Rules of

13

Procedure. PRA further asserted, and asserts to date, that the final adjudications made by the Bankruptcy Court in order to resolve the entire controversies presented, directly involve and adversely affect PRA. The Bankruptcy Court was required to delve into PRA's alleged actions, decide over and affect PRA's interests without allowing PRA a part to the proceedings and without affording PRA an opportunity to defend itself from Lenders' allegations.

*Id.* at 9. However, prior to entering into the merits of the PRA's allegations, the District Court has to determine whether PRA has met the burden of demonstrating that it has standing to file an appeal even when its appearance was limited to a "party in interest i.e., defendant to a related adversary." *See* **A's App. Part 4**, Docket No. 3-10 at 138-139.

### A. Dismissal for Lack of Jurisdiction

As a matter of law, District Courts have an obligation to assure its own jurisdiction. *See Anversa v. Partners Healthcare, Sys. Inc.*, 835 F.3d 167, 175, n.5. The determination of its jurisdiction must be made before proceedings to the merits, "even if the issue is not raised by the defendants." *Cousins Int'l Food, Corp. v. Aquino Vidal*, 565 B.R. 450, 458 (B.A.P. 1st Cir. 2017). "As in other jurisdictional contexts, of course, the party asserting appellate jurisdiction . . . bears the burden." *Spenlinhauer v. O'Donnell*, 261 F.3d at 118. It is hornbook law that, "[s]tanding is an element of federal subject matter jurisdiction which cannot be waived and may be raised at any time by a party or by the court." *In re Canal St. Ltd. P'ship*, 269 B.R. 375, 379 (B.A.P. 8th Cir. 2001). If an appeal is filed by an appellant without standing, the Court does not have jurisdiction to decide on matters raised on appeal. *See Cousins Int'l Food, Corp.*, 565 B.R. at 458.

As to bankruptcy proceedings, standing is limited by the person aggrieved doctrine, wherein standing is limited "to persons with a financial stake in the bankruptcy court's order", as it is limited to those who were "directly and adversely affected pecuniarily by the order." *Peoples v. Radloff (In re Peoples)*, 764 F.3d 817, 820 (8th Cir. 2014) (quoting *Sears v. Badami (In re AFY)*,

734 F.3d 810, 819-820 (8th Cir. 2013), and *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 748 (BAP 8th Cir. 2000)).

### B. Aggrieved Party Doctrine

As the Court must review a party's appellate standing in order to determine its jurisdiction prior to delving into the merits of the appeal, this matter is addressed as a threshold issue. *Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council*, 589 F.3d 458, 467 (1st Cir. 2009); *Arroyo v. Scotiabank de Puerto Rico (In re Arroyo)*, 489 B.R. 486, 487-488 (1st Cir. B.A.P. 2013) (citing *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992)). Following the more restrictive standing criteria within bankruptcy proceedings, in the First Circuit, a "person aggrieved" by a Bankruptcy Court order only has standing to appeal when its pecuniary interests are "directly and adversely" affected by a Bankruptcy Court order. *Cousins Int'l Food Corp.*, 565 B.R. at 458 (quoting *Spenlinhauer*, 261 F.3d at 117-18).

In order to qualify as a "person aggrieved", the movant must prove that the "order diminishes his property, increases his burdens, or impairs his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987); *Spenlinhauer*, 261 F.3d at 118; *In re Arroyo*, 489 B.R. 486 at 488 (citations omitted); *Aja v. Emigrant Funding Corp. (In re Aja)*, 442 B.R. 857, 861 (1st Cir. B.A.P. 2011); *Kehoe v. Schindler (In re Kehoe),* 221 B.R. 285, 287 (1st Cir. B.A.P. 1998) (collecting cases). First Circuit precedent is clear that "a plaintiff wishing to establish standing must show 'a concrete and particularized injury in fact, a causal connection that permits tracing the claimed injury to the defendant's actions, and a likelihood that prevailing in the action will afford some redress for the injury.'" *Weaver's Cove Energy, LLC,* 589 F.3d at 467 (citing *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 92 (1st Cir. 2008)).

Determining whether the "person aggrieved" standard is met, essentially considered a question of fact for the District Court, is crucial since "[t]he nature of bankruptcy litigation, with its myriad of parties, directly or indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected." *In re El San Juan Hotel*, 809 F.2d at 154 (citations omitted).

Moreover, potential or possible adverse effects have been held as insufficient to afford appellate standing. *See Advantage Healthplan, Inc.*, 391 B.R. at 540 (finding that the possibility of litigation does not meet the person aggrieved standard); *In re El San Juan Hotel*, 809 F.2d at 155 (finding that a former trustee whose only interest or burden is as a future party defendant does not qualify as an "aggrieved person"); *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016) (holding that an adversary defendant is not a person aggrieved, irrespective of whether the Bankruptcy Court order strips a defendant of a defense in an adversary proceeding); *In re San Juan Star Co.*, 662 F.2d 108, 112 (1st Cir. 1981) (holding that the "potential burdens of litigation or relitigation cannot alone constitute the requisite harm.")

Furthermore, the Court notes that a "person aggrieved" standard is separate and distinct from a "party in interest" standard. *In re Meridian Venture Partners, LLC*, No. 13-8021, 2013 Bankr. LEXIS 5216, *16-17 (6th Cir. B.A.P. 2013). Pursuant to §1109(b) of the Bankruptcy Code, "merely being a party in interest is insufficient to confer appellate standing." *Advantage Healthplan, Inc.*, 391 B.R. at 540 (citing *In re Salant Corp.*, 176 B.R. 131, 134 (S.D.N.Y. 1994)).

PRA's lack of appellate standing strives on the fact that it is not an aggrieved party as the pretrial order regarding the contested involuntary petition was entered as to the Debtors only. PRA is certainly not a Debtor in the instant proceedings and has been simply authorized by the

16

Bankruptcy Court to appear as a "party in interest, i.e., defendant to a related adversary" per its request when making its first appearance. **A's App. Part 4**, Docket No. 3-10 at 138-139. PRA precisely admits in its *Opposition* that it "has always contended that it is not a party to the case, i.e., PRA is not the Debtors, nor is PRA movant to the involuntary petition." Docket No. 25, ¶ 48. Notwithstanding, the Court deems necessary to further discuss whether PRA is authorized to intervene in the bad faith contested matter, and whether Fed. R. Bankr. 1011 or Fed. R. Bankr. P. 1018 provide PRA with standing to intervene in contesting involuntary petitions and whether the Federal Rules of Civil Procedure as to mandatory joinders could be applicable to the instant controversy. The Court finds that it is lacking here, and briefly explains.

1)  *PRA's intervention in the Bad Faith Contested Matter*

i.      *Federal Rule of Bankruptcy Procedure 1011*

The Court begins by noting that the United States Code regulates the filing of involuntary petitions. Regarding a bankruptcy involuntary petition, it is provided that,

> (a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and <u>only against</u> a person, except a farmer, family farmer, or a corporation that is not a moneyed business, or commercial corporation that may be <u>a debtor</u> under the chapter under which such case is commenced.

11 U.S. § 303 (emphasis ours). In turn, Rule 1011 of Bankruptcy Procedure provides in its pertinent part that "[t]he <u>debtor</u> named in an involuntary petition <u>may contest the petition</u>." Fed. R. Bankr. P. 1011(a)(emphasis ours). Likewise, Rule 1011(e) provides that "[n]o other pleadings shall be permitted, except that the court may order a reply to an answer and prescribe the time for filing and service." Fed. R. Bankr. P. 1011(e). The Bankruptcy Procedural Rules are very specific as to who has standing to oppose to an involuntary petition.

By the same token, it has been consistently held that, a "creditor is not authorized to contest an involuntary petition because a creditor may have an incentive to protect a preference or to gain some unfair advantage [at] the expense of other creditors." *In re MarketXT Holdings Corp.*, 347 B.R. 156, 160 (Bankr. S.D.N.Y. 2006); *see In re Westerleigh Dev. Corp.,* 141 B.R. 38, 40 (Bankr.S.D.N.Y.1992); *In re New Era Co.,* 115 B.R. 41, 45 (Bankr.S.D.N.Y. 1990), *aff'd*, 125 B.R. 725 (S.D.N.Y. 1991); *see also In re Dilley*, 339 B.R. 1, 4, n.3  (B.A.P. 1st Cir. 2006)(holding that the Bankruptcy Code nor rules authorize a creditor to seek dismissal of an involuntary petition.)

It was, accordingly, decided by the Bankruptcy Court that "pursuant to Fed. R. Bankr. P. 1011(a), the alleged debtor or, in the case of a petition against a partnership, any general partner, may contest the petition. Creditors and other persons may not contest the petition." Docket No. 454 at 12 in Betteroads Case and Docket No. 314 in Betterecycling Case at 12.[9]

Therefore, regardless of the applicability or lack thereof of the Bad Faith Contested Matter, the debtor is the only party with standing to contest the petition. Hence, PRA has no standing to make such a contention as it is only a party in interest not a debtor of the instant bankruptcy proceedings. Hence, PRA's arguments that it was a necessary party or a party in interest are insufficient to confer appellate standing. *See Cousins Int'l Food, Corp*, 565 B.R. at 459 ("qualifying as an interested party with standing to participate in bankruptcy court proceedings is not necessarily synonymous with being a 'person aggrieved' for appellate standing purposes.") PRA argues that, "without allowing PRA to defend itself of the Lenders accusations, the Bankruptcy Court could not make any determinations as to the Lender's allegations of allegedly

---

[9] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

fraudulent transfers" (Docket 25 at 19), yet, it is undisputed that PRA is not a debtor in the bankruptcy case.

   2)   *Federal Rule of Bankruptcy Procedure 1018*

The Bankruptcy Court's *Opinion and Order* correctly concluded that "[t]he mandatory joinder requirements in Fed. R. Civ. P. 19, made applicable to adversary proceedings by Fed. R. Bankr. P. 7019, do not apply to contested matters such as the ones present before the court pursuant to Fed. R. Bankr. P. 1018. Therefore, [the] court affirm[ed] its prior ruling that PRA lacks standing to request the striking, suppressing and/or reopening of the discovery in this case. *See Fisher Island Invs., Inc. v. Solby + Westbrae Partners*, 778 F. 3d 1172 (11th Cir. 2015).[10] Docket 454 at 13 in Betteroads Case and Docket No. 314 at 13 in Betterecycling Case.[11]

Certainly "[a] proceeding related to a contested involuntary petition is to be treated as a contested matter. . ." *In re Tobacco Rd. Assocs., LP*, No. CIV 06-CV-2637, 2007 WL 966507, at *5 (E.D. Pa. Mar. 30, 2007) Yet, the applicability of Rule 19 of the Federal Rules of Civil Procedure is specifically defined and limited by the Bankruptcy Code as follows,

> Rule 19 F.R.Civ.P. applies in <u>adversary proceedings</u>, except that (1) if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceedings and (2) if an entity joined as a party properly and timely raises the defense of improper venue, the court shall determine, as

---

[10] "The Federal Rules of Bankruptcy Procedure distinguish between adversary proceedings and contested matters. Adversary proceedings under Rule 7001 incorporate much of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr.P. 7001 advisory committee's note. Rule 7001 lists ten types of matters which must be brought as adversary proceedings, including "proceeding [s] to determine the validity, priority, or extent of a lien or other interest in property ...." Fed. R. Bankr.P. 7001(2). In contrast, contested matters are subject to less elaborate procedures specified in Rule 9014. "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr.P. 9014(a).

[11] The motion is not included in the transmittal of the appeals record, but it is available for review at the Bankruptcy Court's Docket Report.

provided in 28 U.S.C. §1412, whether that part of the proceeding involving the joined party shall be transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.

Fed. R. Bankr. P. 7019 (emphasis ours).

Likewise, Rule 1018 of the Bankruptcy Code specifies the rules that apply to all proceedings contesting an involuntary petition. To wit, "[u]nless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition or a chapter 15 petition for recognition, and to all proceedings to vacate an order for relief: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054, 7056, and 7062." Fed. R. Bankr. P. 1018. Both Fed. R. Bankr. 7019 and Fed. R. Civ. P. 19[12], which are the rules pertaining the joinder of additional parties, are, hence, excluded from such proceedings.

PRA argues that ". . . the contested matters involve controversies arising from lack of joinder of PRA, a party in interest, and as a party whose interests are being thwarted, particularly as PRA's interests, rights and assets are being sought by Lenders. Due process must still be afforded to PRA, as a party in interest, regardless of whether that dispute is classified as an adversary proceeding or a contested matter." According to PRA, the Bankruptcy Court erred in not applying Fed. R. Bankr. P. 1018 in the instant case, as said statute extends Fed. R. Civ. P. 26's

---

[12] (a) Persons Required to Be Joined if Feasible.
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

application to involuntary petitions. Rather, the Bankruptcy Court determined that it was Fed. R. Bankr. P. 1017 the statute that applied to the instant controversy, which in turn, precludes the application of certain provisions of Fed. R. Civ. P. 26 to contested matters. Thus, the Bankruptcy Court refused to strike lenders' expert's report for failure to comply with Fed. R. Civ. P. 26(a)(2) and (b)(4).

However, it is specifically provided by Rule 9014 of the Bankruptcy Code that as to contested matters and "[e]xcept as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069 and 7071." Fed. R. Bankr. P. 9014(c). Fed. R. Bankr. P. 7019 is excluded from said list. Without the inclusion of Rule 7019, Fed. R. Civ. P. 19 is also inapplicable, as said rule specifies the applicability of Rule 19 of Civil Procedure in adversary not contested matters related to bankruptcy. *See supra* at 16 and *infra*, fn. 6. Hence, as the instant matter is of a contested not adversary nature, the Court is forced to conclude, that "Fed. R. Bankr. P. 1018 generally excludes the applicability of Rule 19 in proceedings contesting involuntary petitions." *Puerto Rico Asphalt, LLC v. Betteroads Asphalt, LLC* 2020 WL 698249, *Slip Copy.* The crux of PRA's contention is the fact that its alleged interest at stake is the prospect of a potential adversary proceeding in the future. Said speculative scenario does not confer PRA the aggrieved party status required to have standing to contest involuntary petitions. After all, PRA admits that it "has not changed its position and has always contended that it is not a party to the case, *i.e.*, PRA is not the Debtors, nor is PRA movant to the involuntary petition." Docket No. 25, ¶ 48.

#### IV.        CONCLUSION

For the aforementioned reasons, the Court is forced to conclude that PRA's allegations are speculative at best as the adverse effects they allege to be subject to are yet to materialize, precluding appellate standing under the "person aggrieved" doctrine. Accordingly, the Court hereby **GRANTS** Lenders' *Motion to Dismiss* (Docket No. 12) as jurisdiction is lacking here, and the Court the finds a **DISMISSAL WITH PREJUDICE** is proper.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge